# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHAWN C. HAUSER,**

               **Plaintiff,**

**-vs-**                                            **Case No. 6:07-cv-704-Orl-28KRS**

**HAWTHORNE DEVELOPMENT II CORPORATION,**

               **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 13)
>
> **FILED:** September 28, 2007

## I. PROCEDURAL HISTORY.

On April 25, 2007, Plaintiff Chawn C. Hauser filed a complaint against Defendant Hawthorne Development II Corporation (Hawthorne) alleging violations of the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. He also alleged that Hawthorne breached an express oral employment contract with Hauser. Doc. No. 1. Hauser seeks liquidated damages, attorney's fees, and costs.

The complaint was served on Hawthorne on May 4, 2007. Doc. No. 7. Hawthorne did not timely respond to the complaint. Thereafter, at Hauser's request, the Clerk of Court entered a default against Hawthorne. Doc. No. 10.

Thereafter, Hauser filed the present motion. Doc. No. 13. Hauser served the motion on the registered agent for Hawthorne. Hawthorne has not responded to the motion as of the time of writing this order, and the time for doing so has passed. Accordingly, I consider the motion to be unopposed.[1]

## II. STANDARD OF REVIEW.

A defendant in default for failing to respond to a complaint admits all well-pleaded allegations of the complaint as to liability for purposes of default judgment. *See, e.g., DIRECTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127-29 (M.D. Ala. 2004). "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the Court may hold a hearing for purposes of assessing damages. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)). However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages. *Id*.

The plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated his duty to keep adequate records, the employee satisfies this burden by

---

[1] In the present motion, Hauser does not address his cause of action for breach of contract. Accordingly, I recommend that the Court determine that Hauser has abandoned that cause of action.

producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F. Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, the "court may award approximate damages based on the employee's evidence." *Id.*; *see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) ("[W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.").

### III.    ANALYSIS.

####    A.    *Allegations of the Complaint*.

Hauser was employed by Hawthorne between August 2006 and November 2006 as a carpenter. Complaint ¶ 4. Hawthorne was an enterprise engaged in commerce or in the production of goods for commerce as defined in the FLSA. *Id.* ¶ 7.

Hauser and Hawthorne entered into an oral employment contract in August 2006 under which Hawthorne agreed to compensate Hauser at the rate of $15.00 per hour. *Id.* ¶¶ 12-13. Hawthorne failed to pay Hauser all of the agreed upon compensation for the work he performed. *Id.* ¶ 15. Hawthorne owes Hauser $140.00 under the employment agreement. *Id.* ¶ 16.

Hawthorne also willfully failed to compensate Hauser at the statutory overtime rate for certain work in excess of forty hours per week. *Id*. ¶ 10.

B.      *Liability*.

To prevail on a claim for payment of overtime under the FLSA, Hauser must establish the following:

First, that he was employed by Hawthorne during the time period involved;

Second, that he was engaged in commerce or in the production of goods for commerce or that he was employed by an enterprise engaged in commerce of the production of goods for commerce; and

Third, that Hawthorne failed to pay the overtime pay required by law.

*See* Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, Hawthorne admits that it employed Hauser during the relevant time period. It admits that Hawthorne was an enterprise engaged in commerce as defined by the FLSA. It admits that it failed to pay overtime as required by the FLSA. This is sufficient to establish that Hawthorne is liable to pay Hauser overtime wages he is owed for his work.

C.      *Damages*.

1.      Overtime Compensation.

Under the FLSA, Hauser is entitled to be paid 1½ times his regular rate of pay for all hours in excess of forty worked in a work week. *See* 29 U.S.C. § 207(a)(1). Hauser avers that he was compensated at a rate of $15.00 per hour. Hauser Aff., doc. no. 13-2, ¶ 5. He further avers that from August 2006 to November 2006, approximately 12 weeks, he worked approximately 70 hours per week. *Id*. ¶¶ 2, 5. He was paid $15.00 per hour for all hours worked, but he was not paid the overtime premium for the hours worked in excess of 40 hours per week. *Id.* ¶¶ 4-5.

There are more than 12 work weeks between August 1, 2006 and November 30, 2006. Because Hauser avers that he worked uncompensated overtime for approximately 12 weeks, overtime

compensation is due only for that period. During those 12 weeks, Hauser avers that he worked 30 hours of overtime each week, for a total of 360 hours of overtime work for which he was not paid the overtime premium. The overtime premium would be $7.50 per hour, which is one-half times Hauser's regular rate of pay of $15.00 per hour. This results in Hauser being entitled to unpaid overtime compensation in the total amount of $2,700.00.

  2.  <u>Liquidated Damages</u>.

  By defaulting, Hawthorne admits that it acted willfully in failing to pay Hauser the required overtime compensation. When, as here, the defendant did not present a defense that the failure to pay minimum wages or overtime compensation was in good faith, the Court must also require the employer to pay liquidated damages in an additional amount equal to "the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be[.]" 29 U.S.C. § 216(b); *see also* 29 U.S.C. § 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, Hawthorne must also be required to pay Hauser the amount of overtime compensation owed to him, $2,700.00, as liquidated damages.

  D.  *Attorney's Fees and Costs*.

  The FLSA mandates that in any action brought by an employee to enforce §§ 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly

referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

Hauser seeks an award of $2,553.00 for the services provided by his attorney, K.E. Pantas, and Pantas' support staff in connection with this case, plus $407.50 in costs. The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. *Hensley*, 461 U.S. at 433. "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. Moreover, fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)).

It is well established that the Court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

    1.    <u>Hourly Rate</u>.

        **a.**    **K.E. Pantas.**

Pantas avers that he has been a member of the Florida bar since 1993. He has over 11 years of litigation experience, and has practiced extensively in the area of employment law since 2000. He avers that a reasonable hourly rate for his services is $300.00 per hour. Pantas Aff., doc. no. 13-2, ¶

4. Pantas avers that he has been awarded $300.00 per hour by this Court in the following cases: *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB; *Pyle v. Selectbuild Florida*, Case No. 6:07-cv-59-Orl-19DAB. *Id.*

In other FLSA cases, this Court has previously determined that a reasonable hourly rate for the services of Pantas did not exceed $250.00 per hour, considering the Orlando legal market. The decision in *Smith* reflects that Pantas was awarded only $250.00 per hour. *See* Case No. 6:05-cv-1072-Orl-DAB, doc. no. 67 at 1 n.2 (noting that counsel sought $500.00 for two hours worked by Pantas). In *Pyle*, the Court approved a settlement agreement reached between the parties in which no objection was made to the $300.00 hourly rate. As such, this decision is not a judicial finding that this hourly rate is reasonable in the central Florida market for an attorney of Pantas' skill and experience. There is no other evidence before the Court supporting an increase in the reasonable hourly rate previously applied to counsel's work considering the central Florida legal market. Accordingly, I conclude that $250.00 is a reasonable hourly rate for the work of Attorney Pantas in this case.

### b. Becki Rodak.

Pantas avers that Rodak has trained and worked as an administrative assistant since 2002. He submits that a reasonable hourly rate for her services is $95.00 per hour. Pantas Aff. ¶ 5. The only work Rodak performed in this case was opening the file, running various conflict checks, and preparing an initial damage summary. Doc. No. 13-4 at 1.

Generally, work performed by an administrative assistant is considered not compensable, clerical work. *Cf. Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). When an administrative assistant serves as a paralegal, her work is recoverable "only to the extent that [it is]

work traditionally done by an attorney. Where that is not the case, paralegal work is viewed as falling within the category of unrecoverable overhead expenses." *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)(internal quotations omitted).

There is no showing that the various checks performed by Rodak are work traditionally done by an attorney. Opening a file is purely clerical work and not compensable. However, to the extent that Rodak prepared a damage summary, her work is properly classified as basic paralegal work that would otherwise be performed by an attorney. Accordingly, a reasonable hourly rate for Rodak's work in the role of paralegal is $65.00 per hour, which is consistent with basic paralegal work in the central Florida market.

### c. Nury Pacheco.

Pantas avers that Pacheco has trained and worked as a paralegal and has extensive experience in state and federal litigation. He further attests that state courts have previously determined that $95.00 per hour is a reasonable hourly rate for her services. Pantas Aff. ¶ 6. Based upon the determination of the state courts, I conclude that $95.00 is a reasonable hourly rate for Pacheco's services.

### d. Judy Cane.

Pantas avers that Cane has trained and worked as a paralegal since 1999 and has extensive experience in state and federal litigation. He further attests that state courts have previously determined that $95.00 per hour is a reasonable hourly rate for her services. Pantas Aff. ¶ 7. I note that this Court has also found that $95.00 per hour is a reasonable hourly rate for Cane's work. Accordingly, I conclude that $95.00 per hour is a reasonable hourly rate for Cane's services.

    2. <u>Reasonable Number of Hours</u>.

  Hauser submitted a detailed time statement indicating the work performed by Pantas, Rodak, Pacheco and Cane in this case. Time Sheet, doc. no. 13-4.

  As noted above, Rodak worked 3.10 hours performing some tasks that are not compensable work, but during that time she also prepared an initial damage summary, which is compensable. I find that 1.0 hours is reasonable for Rodak's work on preparing the damage summary.[2]

  Pantas worked some time reviewing and responding to an order to show cause entered by the Court due to his failure to establish that Hawthorne had been served with the complaint and summons within the time required by the Federal Rules of Civil Procedure. *See* Doc. No. 6. Pantas and Cane also expended time to seek an enlargement of time to file a motion for default judgment. It is not clear from the file whether this enlargement of time was necessary. Accordingly, because the time worked on these tasks was not reasonably necessary to the progress of the litigation had counsel exercised due diligence, I recommend that the Court deduct 0.30 hours from Pantas work and 0.30 hours from Cane's work.

  In all other respects, I find, in the absence of objection, that the hours worked were reasonable.

---

[2] In the future, time sheets should reflect the time spent on each task, rather than grouping tasks in a single block time entry.

The lodestar attorney's fees in this case are as follows:

| Attorney | Hourly Rate | Hours | Total |
| --- | --- | --- | --- |
| K.E. Pantas | $250.00 | 6.50 | $1,625.00 |
| Becki Rodak | $65.00 | 1.00 | $65.00 |
| Nury Pacheco | $95.00 | 0.80 | $76.00 |
| Judy Cane | $95.00 | 1.20 | $114.00 |
| **TOTAL** | | | $1,880.00 |

    3.    <u>Costs</u>.

Hauser seeks an award of costs in the amount of $350.00 for reimbursement for the filing fee and $57.50 for the costs of serving process in this case. Doc. No. 13-5. "Costs for service of process and the filing fee are . . . properly awarded under 28 U.S.C. § 1920 . . . ." *Perrin v. John B. Webb & Assocs.*, No. 604CV399ORLKRS, 2005 WL 2465022, at *5 (M.D. Fla. Oct. 6, 2005). Accordingly, Hauser is entitled to an award of costs from Hawthorne in the amount requested.

**IV.    RECOMMENDATION.**

Based on the foregoing, I respectfully recommend that the Court **GRANT** in part Plaintiff's Motion for Entry of Default Judgment (Doc. No. 13) and enter a default judgment against the Hawthorne on Hauser's claim for violation of the overtime provisions of the FLSA. I recommend that the Court **DISMISS** Hauser's claim for breach of an employment agreement. I further recommend that the Court order Hawthorne to pay Hauser damages in the amount of $5,400.00,[3] attorney's

---

[3] Damages are computed as follows: overtime compensation due ($2,700.00) + liquidated damages ($2,700.00) = $5,400.00.

fees in the amount of $1,880.00, and costs in the amount of $407.50. I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 2, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy